Dale P. SAUER, Plaintiff and Appellee,

v.

Carole HAYES–SAUER, Defendant and Appellant.

Civ. No. 920138CA.

Court of Appeals of North Dakota.

Dec. 4, 1992.

Dean E. Lenaburg (argued), of Sproul, Lenaburg, Fitzner & Walker, Valley City, for plaintiff and appellee.

Scott A. Griffeth (argued), of Griffeth Law Office, West Fargo, for defendant and appellant.

PER CURIAM.

Carole Hayes–Sauer appeals from a district court judgment granting her and Dale P. Sauer a divorce and dividing their marital estate. We affirm.

Dale and Carole were married on July 4, 1989. Dale had been married twice before and had four adult children from his previous marriages. Carole had also been married twice before and had one adult son. At the time of the trial, Dale was 56 years old and had farmed all of his life. Carole was 52 years old and earned about $41,000 per year with the Department of Interior in Jamestown, where she had been employed for 24 years.

Both Dale and Carole brought a considerable amount of property into their marriage. Prior to their marriage, Dale purchased a home which they occupied while they were married. During the marriage, Dale transferred that home to joint ownership. The house had a fair market value of approximately $130,000. Additionally, a cash management account which had been in Dale's name and a savings account which had been in Carole's name were also placed in both parties' names. Dale's cash management account had a value of approximately $150,000, and Carole's savings account had a value of approximately $71,000. During their marriage, Dale purchased personal household property worth approximately $15,000 and an automobile worth approximately $16,000.

The trial court valued the marital estate at $1,222,400.50. The court awarded each party the assets that they had brought into the marriage. Dale received the house and the cash management account, and Carole received her savings account. The court also awarded Dale the personal household property acquired during the marriage and awarded Carole the automobile. Carole appealed.

Carole contends that the trial court's distribution of property placed in joint ownership during the marriage was not a fair and equitable distribution of the marital estate. Carole asserts that she received approximately one-quarter of the marital estate, and she argues that the trial court did not explain that gross disparity in the property division. She also argues that she detrimentally relied upon assurances by Dale in the arrangement of her estate and transferred income-producing land to her son in reliance upon Dale's assurance that he would care for her for the rest of her life. She argues that her reliance on Dale's assurances should have been considered by the trial court in the distribution of the marital estate.

In making an equitable distribution of the marital estate under Section 14–05–24, N.D.C.C., the North Dakota Supreme Court has enunciated the *Ruff–Fischer*[1] guidelines for consideration by trial courts:

"the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time; its value and its income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material." *Volk v. Volk*, 376 N.W.2d 16, 18 n. 2 (N.D.1985).

A trial court's division of marital property is treated as a finding of fact and is subject to the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P. *Spooner v. Spooner*, 471 N.W.2d 487 (N.D.1991). A finding of fact is clearly erroneous if there is no evidence to support it, or if upon reviewing the entire evidence, the review-

**1.** *See Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).

ing court is left with a definite and firm conviction that a mistake has been made. *Id.* A property division need not be equal to be equitable, but any substantial disparity should be explained. *Id.*

In this case, the trial court made specific findings on all of the *Ruff–Fischer* guidelines. The court found:

"A. The respective ages of the parties are similar and not significant.

"B. The parties' earning abilities are excellent and will continue after the marriage.

"C. The marriage was of short duration, only 27 months before living separate and apart and was a marriage without children, and that the fault on the part of one party or the other is not significant.

"D. That the parties station in life will remain the same, whether before, during or after the marriage.

"E. That each party can easily meet their needs both now, after the marriage and into retirement.

"F. That both of the parties enjoy good health and are in good physical condition.

"G. That each of the parties own property that they had acquired before the marriage and accumulated relatively little property during the marriage and that no property was accumulated by their joint efforts.

\*   \*   \*   \*   \*   \*

"XIII.

"That neither party has a legal obligation, either express or implied, to support the other party for the rest of their respective lives.

\*   \*   \*   \*   \*   \*

"XVI.

"That because of the short duration of the marriage and that this marriage was the third marriage for both of the parties later in life, and because the assets brought into the marriage were acquired by each before the marriage, equitable distribution requires that each of the parties be given the property that each brought into the marriage.

"XVII.

"That during the marriage the defendant gave to her son her half section of land to assist him in his farming, and that the gift was given without the knowledge or consent of the plaintiff."

▪ In dividing the marital estate, the trial court primarily relied upon the short duration of the marriage and the sources of the marital assets. In affirming an unequal distribution of a marital estate, the North Dakota Supreme Court has said that the short duration of a marriage and the source of marital assets provide a valid explanation for the disparity. *Spooner, supra.* Here, the trial court also found that, after the divorce, both parties could easily meet their needs and that their station in life would remain the same. The court further found that Carole's gift to her son was made without Dale's knowledge and that neither party had a legal obligation, either express or implied, to support the other party for the rest of their respective lives. The trial court's findings essentially returned the parties to their pre-marriage station in life and adequately explained the rationale for the disparity in the division of the marital estate.

We are not left with a definite and firm conviction that the trial court made a mistake in its findings of fact and its distribution of the marital property. The trial court's property distribution is not clearly erroneous under Rule 52(a), N.D.R.Civ.P.

The judgment is affirmed.

VERNON R. PEDERSON, Chief Surrogate Judge, and JAMES H. O'KEEFE and MAURICE R. HUNKE, District Judges, concur.