Sandra M. Reiswig **LILL,** Plaintiff, **Appellee and Cross–Appellant,**

v.

David A. **LILL,** Defendant, **Appellant and Cross–Appellee.**

Civ. No. 940059.

Supreme Court of North Dakota.

Aug. 24, 1994.

**856**

Richard B. Baer, Bismarck, for defendant, appellant and cross-appellee.

Keith A. Wolberg, Bismarck, for plaintiff, appellee and cross-appellant.

LEVINE, Justice.

David A. Lill appeals from judgment granting Sandra M. Reiswig Lill a divorce and ordering David to pay rehabilitative spousal support and a lump sum. Sandra cross-appeals from that portion of the judgment denying her request for attorney fees. We conclude that the trial court's award of spousal support and division of property are not clearly erroneous, and we affirm on those issues. We also conclude that the trial court's refusal to award attorney fees is an abuse of discretion, and we reverse and remand for a redetermination of attorney fees.

David and Sandra were married to each other for the second time on February 14, 1992. They separated in August 1992, and were divorced in December 1993. As part of the divorce judgment, the trial court ordered David to pay $300 a month for twenty-four months in spousal support, and a lump sum of $5,000. David now appeals, challenging the spousal support and award of $5,000, and Sandra cross-appeals on the issue of attorney fees.

### I. Spousal Support

David argues that the trial court erred in awarding spousal support to Sandra.

■ A trial court's determination of spousal support is a finding of fact subject to the clearly erroneous standard of review. NDRCivP 52(a); *e.g., McAdoo v. McAdoo,* 492 N.W.2d 66 (N.D.1992). Rehabilitative support is appropriate when a spouse has been disadvantaged and is in need of support. *McAdoo, supra* at 71; *see also Wahlberg v. Wahlberg,* 479 N.W.2d 143 (N.D. 1992). A trial court may use rehabilitative support to attempt to restore an economically disadvantaged spouse to independent status, *Rustand v. Rustand,* 379 N.W.2d 806 (N.D.1986), or to equalize the burden of divorce, *Weir v. Weir,* 374 N.W.2d 858 (N.D. 1985). In deciding whether to award spousal support, the trial court must consider the *Ruff–Fischer* guidelines. *McAdoo, supra* at 71. The *Ruff–Fischer* guidelines include

"the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material." *Weir v. Weir,* 374 N.W.2d 858, 862 (N.D.1985).

Here, the court found that Sandra's reemployment following the couple's separation garnered a significantly lower wage than her premarital employment and as a result, Sandra was disadvantaged by the marriage and divorce. The trial court awarded spousal support to "recoup the reduction in income

she has suffered as a result of leaving her prior employment because of the remarriage."

The crux of David's argument is that it "isn't fair" to award spousal support after a marriage of such short duration. He relies on *McAdoo, supra,* in which we affirmed the trial court's denial of spousal support following a ten-month marriage. However, in *McAdoo,* the trial court did not rely solely on the short duration of the marriage. It also found that the disadvantage suffered by the party seeking spousal support was slight, that both parties' finances were meager, and that both were capable of rehabilitation without support. *McAdoo, supra* at 71.

■ Duration of the marriage is only one factor of the *Ruff–Fischer* guidelines; the guidelines also direct trial courts to consider "other matters as may be material." Here, the trial court considered as another material matter the tangible economic loss suffered by Sandra. Unlike the McAdoos, Sandra did not leave this marriage with what she brought into it. As a result of the marriage and divorce, Sandra had to accept re-employment at a significantly lower wage. It was appropriate for the trial court to award rehabilitative support to attempt to "place the disadvantaged spouse in the position she could have been in if it were not for the marriage." Marcia O'Kelly, *Entitlements to Spousal Support After Divorce,* 61 N.D.L.Rev. 225, 243 (1985). Rehabilitative support is appropriate after a brief marriage, "if circumstances of the marriage were economically dislocating." *Id.* It is undisputed that David's income and assets are substantially greater than Sandra's.[1] The trial court also found that Sandra's assistance enhanced the value of David's farm. Therefore, the trial court was faced with a situation where a tangible economic loss was suffered by the party far less able to bear it and an economic gain was reaped by the party far less in need. We conclude that it was not clearly erroneous for the trial court to award rehabilitative spousal support to Sandra to recoup the economic loss she suffered as a result of the marriage.

## II. Property Division

David argues that the trial court erred in awarding Sandra $5,000 in its division of property.

■ The trial court's division of property is a finding of fact subject to the clearly erroneous standard of review. NDRCivP 52(a); *e.g., Spooner v. Spooner,* 471 N.W.2d 487 (N.D.1991). The trial court must consider the *Ruff–Fischer* guidelines in dividing the marital estate. *Spooner, supra* at 491. In a marriage of short duration, the trial court may divide the property so as to award the parties what each brought into the marriage. *See Sauer v. Hayes–Sauer,* 493 N.W.2d 216 (N.D.App.1992); *Routledge v. Routledge,* 377 N.W.2d 542 (N.D.1985).

■ Here, the trial court found that Sandra brought savings of approximately $4500 to the marriage, which were reduced to $400 at the time of the divorce hearing, and accumulated a debt of approximately $3,500 as a result of the marriage. The trial court ordered David to pay a lump sum of $5,000 to Sandra, to "restore her to her prior position in recouping her savings."

■ Again, David's argument is basically that it "seems unfair" to award Sandra $5,000 following a marriage of such short duration. And again, David overlooks the fact that the duration of the marriage is only one factor of the *Ruff–Fischer* guidelines. In a short-term marriage, it is entirely proper to award property that restores the parties to their premarital status, should the circumstances warrant. *Routledge, supra* at 548; *Sauer, supra* at 218. As a result of the divorce, Sandra depleted her savings and accumulated a large debt before she found employment. David had the means to compensate Sandra's loss. We conclude that the trial court's award of $5,000 to Sandra was not clearly erroneous.

---

1. Sandra reported her monthly gross salary as $1477; David reported that his annual net income was $26,788. Additionally, David testified that the gross value of his estate was over $300,-000. Sandra has no comparable assets.

David also argues that the trial court erred in failing to value Sandra's retirement.

 Generally, in distributing the parties' marital property, the trial court must consider all of the parties' real and personal property as part of the marital estate, regardless of the source. *Heley v. Heley,* 506 N.W.2d 715 (N.D.1993). Here, however, because of the short duration of the marriage, the marital estate was divided to return the parties to their economic status before the marriage. The parties expressly limited the issue before the trial court to whether Sandra was disadvantaged and if so, what amounts were necessary to counteract that disadvantage. Therefore, because there was a division of property for a limited purpose, the trial court did not err in failing to value Sandra's retirement.

### III.  Attorney Fees

Sandra argues that the trial court erred in refusing to award her attorney fees.

 We will not disturb a trial court's determination of attorney fees on appeal unless the appellant affirmatively establishes that the trial court abused its discretion. *E.g., Heller v. Heller,* 367 N.W.2d 179 (N.D. 1985). The principal standards guiding a trial court's award of attorney fees in a divorce action are one party's need and the other party's ability to pay. *Pozarnsky v. Pozarnsky,* 494 N.W.2d 148 (N.D.1992).

We have reversed a trial court's denial of a request for attorney fees where it is not clear from the trial court's decision whether it considered all of the relevant factors. *See Lucy v. Lucy,* 456 N.W.2d 539 (N.D.1990); *Hedin v. Hedin,* 370 N.W.2d 544 (N.D.1985); *Heller v. Heller,* 367 N.W.2d 179 (N.D.1985). In *Heller,* we reversed and remanded on the issue of attorney fees where the trial court's denial of attorney fees was based on the fact that it had awarded both parties unencumbered assets, with which each could pay his or her attorney fees. Because the trial court based its decision on that sole factor, we were not sure whether it considered all the applicable factors. We concluded that "[t]he significant disparity in the parties' incomes and the modesty of the marital estate indi-

cates a likelihood that it did not." *Heller, supra* at 184.

 In this case, with the marked inequality of the parties' assets and income, and with no rationale by the trial court for its denial of Sandra's request for fees, it is not clear to us that the trial court considered the parties' need for and ability to pay attorney fees. As in *Heller,* the significant disparity in the parties' assets and incomes indicates a likelihood that it did not. Therefore, we reverse and remand for a determination of attorney fees in light of the parties' financial needs and abilities.

Affirmed in part, reversed in part and remanded.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.