John Thomas NEPPEL, Plaintiff and Appellee,

v.

Pamela Ann NEPPEL, Defendant and Appellant.

Civ. No. 940255.

Supreme Court of North Dakota.

March 8, 1995.

Shirley Faye Lawonn Jahnke, Grand Forks, for plaintiff and appellee.

Henry H. Howe, Howe & Seaworth, Grand Forks, for defendant and appellant.

VANDE WALLE, Chief Justice.

Pamela Ann Neppel appealed from an amended judgment of the district court, Northeast Central Judicial District, modifying the child support obligations and terminating the spousal support obligations of her former husband, John Thomas Neppel. We affirm the modification of child support but reverse and remand for further consideration of the issue of spousal support.

At the time of their divorce in 1990, Pamela and John had been married for seventeen years. In 1973, the year of their marriage, Pamela moved with John from Nashville, Tennessee, to Grand Forks so that John could take a job as an engineer at the KBM company. Evidence suggests that Pamela assumed most of the responsibility for raising the couple's two children. At the time of the divorce, the children were thirteen and eleven years old. At times during the marriage, Pamela was employed outside the home, but she was never self-supporting. At the time of the divorce, she was thirty-nine years old. John was forty-three.

In 1979, John founded Neppel Engineering, Inc., and owned fifty percent of this business at the time of the divorce. The original divorce judgment valued the corporation at $290,000. Since the divorce, John disposed of the business and filed for personal bankruptcy. The final bankruptcy discharge was entered on February 23, 1994.

The original divorce judgment awarded Pamela a $55,000 property settlement to be paid, including interest, in installments of $660.10 per month for fifteen years. None of these payments were made.

The original divorce judgment also awarded Pamela spousal support of six hundred dollars per month for six years. Although Pamela asked for this support so that she could attend the University of North Dakota, the judgment did not expressly make the reception of the payments contingent on her attending the University. Pamela attended some computer courses to help her with her job at St. Mary's Church. At the time of the divorce, this job paid her approximately $6,000 per year. In February 1994, her salary was more than doubled and she now makes approximately $14,000 per year, and she supplements this income with another part-time job which pays her around $2,000.

Pamela testified that she did not seek a four-year degree at the University because she did not receive any of the property settlement payments and because, for a time, John was not prompt with the support payments. She believed it would be too risky to give up her job in order to attend school full time. She also testified to a concern that her

age after attending college for four years would limit her employment opportunities.

In January 1994, John filed a motion in the district court to modify his child support and spousal support obligations. He claimed a material change in his financial circumstances. He argued that his business failure and his bankruptcy were not voluntary and that Pamela should share in the loss. He also argued that Pam's decision not to attend the University constituted an abandonment of her efforts for rehabilitation and, therefore, he should not have to make any more spousal support payments.

The trial court found that a material change of circumstances had occurred and amended its original judgment, reducing John's child support obligation and terminating the spousal support.

 Pamela challenges the reduction of John's child support payments and the amendment of the apportionment of responsibility for medical expenses. A trial court's findings on a motion to modify child support will not be overturned on appeal unless they are clearly erroneous. N.D.R.Civ.P. 52(a); *Hartman v. Hartman*, 466 N.W.2d 155 (N.D. 1991). We see no error in the trial court's finding of a material change in circumstances requiring John's child support obligation to be reduced from one thousand dollars to seven hundred dollars per month and requiring the reapportionment of medical expenses. We affirm those portions of the amended judgment.

 Pamela also alleges error in the trial court's failure to find a material change in circumstances requiring a modification of the judgment to provide for permanent spousal support. It appears from the record that the trial court did not consider the issue of permanent spousal support. The issue of permanent spousal support was apparently not raised to the trial court until the "written closing argument." Nevertheless, the circumstances of this marriage, the divorce, and the aftermath of the divorce are such that the trial court should have considered the issue of permanent spousal support and the

alternative of retaining jurisdiction in order to address the spousal support issue in the event of future material changes in circumstance. We reverse and remand for the trial court to address the issue of spousal support in light of this opinion.

In its Memorandum Opinion and Order, the trial court reasoned that Pamela had abandoned her educational plans, partially because of the nonpayment of the property division. Nevertheless, it found that the nonpayment of the property division resulted from circumstances beyond John's control and that additional payments of spousal support "would not appear to further any current rehabilitation plans of the Defendant." The Memorandum Opinion also stated that "[t]he evidence does not indicate that the Defendant will be in need of any further spousal support. Both the Plaintiff and the Defendant are in good health at the present time." Also contained in the Memorandum Opinion was an expressed decision not to reserve jurisdiction on the issue of spousal support. We note that this contrasts with the trial court's handling of the child support issue. On that issue, the court decided that although John's income was "not likely to change markedly for the foreseeable future," it would retain jurisdiction "in the event that it does." [1]

 When addressing the issue of spousal support, trial courts must examine factors other than the immediate needs of the disadvantaged spouse. *Weir v. Weir*, 374 N.W.2d 858 (N.D.1985).

"Factors to be considered when determining whether or not an award of spousal support is appropriate include the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accu-

---

1. It should be noted that section 14–09–08.4, NDCC, provides for periodic review of child support orders. Thus, the express retention of jurisdiction over that issue was unnecessary.

mulated before or after the marriage, and such other matters as may be material." *Id.* at 862.

Although we prefer rehabilitative over permanent spousal support, *e.g., Wiege v. Wiege,* 518 N.W.2d 708 (N.D.1994), we have specifically recognized that it is appropriate to award spousal support to attempt to "provide an equitable *sharing of the overall reduction in the parties' separate standards of living." Weir,* 374 N.W.2d at 864. *See also Lill v. Lill,* 520 N.W.2d 855 (N.D.1994) [citing Marcia O'Kelly, *Entitlements to Spousal Support After Divorce,* 61 N.D.L.Rev. 225 (1985) ]. It is especially appropriate in cases in which one spouse has contributed to the earning capacity of the other to the detriment of his/her own earning capacity. *Weir, supra; Wiege, supra; LaVoi v. LaVoi,* 505 N.W.2d 384 (N.D.1993). In *van Oosting v. van Oosting,* 521 N.W.2d 93, 101 (N.D.1994), we stated that "[i]f trial courts find no immediate need for awarding permanent spousal support, they should retain jurisdiction to do so beyond a temporary award, when facing uncertainty about the need for permanent support."

While Pamela was still at an age when she might have realistically furthered her earning capacity by way of education or work experience, she apparently was taking care of the marriage household and had the primary responsibility of raising the two children of the marriage. At the same time, John was developing a business and gaining engineering experience which enhanced his earning capacity. There is evidence in the record that property of the marriage was utilized to satisfy loans which John had taken out in order to go to school and to get his engineering degree. Currently, John is receiving a salary of nearly $30,000 for his civilian work at the Air Force base. This is a salary he could not have acquired absent his education and experience. Pamela's salary is about half that of John's and her potential for increasing her future earnings is limited.

The record in this case does not reflect that the trial court considered the issue of permanent spousal support. We reverse and remand for that consideration in light of this opinion. On the other issues, we affirm.

MESCHKE, LEVINE and NEUMANN, JJ., and BERT L. WILSON, Surrogate Judge, concur.

BERT L. WILSON, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.