Dorothy Joan BAKES, Plaintiff and Appellee,

v.

Dennis George BAKES, Defendant and Appellant.

Civ. No. 940376.

Supreme Court of North Dakota.

May 31, 1995.

Maureen White Eagle, of Foughty, Christianson, White Eagle & Berg, Devils Lake, for plaintiff and appellee. Submitted on brief.

Wayne K. Stenehjem, of Kuchera, Stenehjem, Crawford & Walberg, Grand Forks, for defendant and appellant. Submitted on brief.

NEUMANN, Justice.

Dennis George Bakes appeals from a judgment granting Dorothy Joan Bakes a divorce, dividing their marital property, and ordering him to pay Dorothy spousal support and one-half of her attorney fees. We affirm.

Dorothy and Dennis were married in 1963 and have two adult children. They lived in Lakota where Dennis was employed by a construction company on a seasonal basis. Typically, Dennis would spend the week at an out-of-town work site, and return to Lakota on weekends and during the off-season. When the couple decided to have children, Dorothy quit her job as a secretary and stayed home to raise the children and maintain the home.

After the children had grown, Dorothy became employed part-time as a dietary aide at a nursing home. She also worked as a receptionist. While working as a dietary aide, Dorothy injured her back. She continues to receive Workers Compensation benefits to pay medical bills related to that injury. Dorothy is now 50 years old and has been self-employed as a daycare provider in Grand Forks since early 1994, a few months after the couple formally separated. Her monthly gross income from the business has ranged from $445 to $817. Her gross income for 1993 was $4,323, which included $1,354 in spousal support payments Dennis paid to her under an ex parte interim order. Dorothy's gross income was $3,897 in 1992 and $3,812 in 1991. She has a high school education and has completed one year of college.

Dennis is 51 years old and remains employed as a heavy equipment operator with Hulstrand Construction, where he has worked since 1966. Dennis' gross income in 1993 was $29,155.94, which includes $1,035 in unemployment benefits he received during the off-season. His gross income in 1992 was $26,371, including unemployment benefits, and in 1991 was $26,847, including unemployment benefits. Dennis has a high school education.

The trial court found the net value of the marital estate was $66,057.32, and essentially divided the property equally. The largest

assets were Dennis' pension plan and the net proceeds from the sale of the couple's home. The trial court found neither Dorothy nor Dennis "appear presently qualified, either by education or by job experience, to engage in employment other than that in which they are presently employed and which earn either of them any more than their present incomes." The trial court further found Dorothy was the party disadvantaged by the divorce and ordered Dennis to pay spousal support of $500 per month for five years and $300 per month for another five years. The trial court also ordered Dennis to pay one-half of Dorothy's attorney fees. Dennis appealed.

## I

Dennis asserts the trial court erred in failing to grant him a hearing on the ex parte temporary support order. The trial court found Dennis to be $6,938 in arrears under the temporary support order and required that this amount be paid from Dennis' share of one-half of the proceeds from the sale of the parties' home. Dennis contends the temporary order was excessive, and the trial court should have eliminated the arrearages rather than deduct them from his share of the sale proceeds. We disagree.

■■■ Under N.D.C.C. § 14–05–23, a party subject to an ex parte temporary support order may move to have a hearing on the necessity of the order and on the amounts to be paid, if the motion is timely served and filed. *See also* N.D.R.O.C. 8.2(a) and (f).[1] However, Dennis did not specifically request a hearing, but filed an "appeal to ex parte interim order," along with a motion for change of venue. Even if we construe the "appeal" as a request for a hearing, Dennis failed to pursue the matter in the trial court. Dennis never attempted to schedule a hearing.[2] In the context of a N.D.R.O.C. 3.2 motion, we have said a failure to secure a time for oral argument renders a request for oral argument incomplete. *See Huber v. Oli-*

 *ver County,* 529 N.W.2d 179, 183 (N.D.1995). For like reasons, we conclude Dennis' request for a hearing, to the extent it can be considered as one, was incomplete, and the trial court did not err in failing to hold a hearing on the temporary support order or in refusing to eliminate the temporary support arrearages.

## II

Dennis asserts the trial court erred in awarding Dorothy spousal support for a ten-year period—$500 per month for the first five years and $300 per month for the next five years. Dennis claims this award exceeds both his ability to pay and Dorothy's documented needs.

■■■ A spouse disadvantaged by a divorce may be awarded spousal support for rehabilitation or maintenance. *Wiege v. Wiege,* 518 N.W.2d 708, 711 (N.D.1994). Rehabilitative support to remedy the disadvantage is preferred, and is especially appropriate where one spouse has contributed to the earning capacity of the other to the detriment of his or her own earning capacity, *Neppel v. Neppel,* 528 N.W.2d 371, 374 (N.D. 1995), but permanent support may be required to maintain a spouse who cannot be adequately restored to independent economic status. *LaVoi v. LaVoi,* 505 N.W.2d 384, 386 (N.D.1993). Rehabilitative awards are typically limited in duration and are designed to afford disadvantaged spouses the opportunity to gain the education, training, or experience necessary to become adequately self-supporting. *Gronland v. Gronland,* 527 N.W.2d 250, 253 (N.D.1995). A spouse's need for rehabilitative support in a long-term marriage is not limited to the prevention of destitution, but may be awarded to balance the burdens created by the parties' separation when it is impossible to maintain two households at the predivorce standard of living. *Welder v. Welder,* 520 N.W.2d 813, 818–819 (N.D.1994). Of course, an award of spousal support must be made in light of the needs of the disadvan-

---

1. The 1995 Legislature amended N.D.C.C. § 14–05–23 to delete parts of the statute that are procedural and are covered by N.D.R.O.C. 8.2. *See* Senate Bill No. 2316 § 1, Fifty-fourth Legislative Assembly of North Dakota.

2. Dennis was represented by other counsel at this point in the proceedings.

taged spouse and the supporting spouse's needs and ability to pay. *Heley v. Heley*, 506 N.W.2d 715, 720 (N.D.1993). Spousal support determinations are findings of fact which will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Beals v. Beals*, 517 N.W.2d 413, 415–416 (N.D.1994).

Dorothy is clearly disadvantaged by this divorce. She was employed as a secretary from 1962 through 1965, when the couple decided to have a family and Dorothy agreed to remain at home to raise the children. After the children entered high school, she worked part-time as a dietary aide and receptionist. She is now 50 years old, has medical problems related to a work injury, and is currently attempting to operate a daycare business in her Grand Forks apartment. Her gross monthly income from the business has averaged $612, which, the trial court noted, "is not adequate to allow her to maintain her own place of residence."

Dorothy estimated her income might increase to $1,200 per month if she could afford to purchase additional equipment for the daycare business in order to attract more customers. Based on Dorothy's optimistic estimate of her increased income flowing from the purchase of additional equipment, Dennis asserts she will receive several hundred dollars per month more than her documented monthly needs. Because Dorothy could purchase this additional equipment by using parts of her share of the property distribution, Dennis continues, spousal support should not have been awarded.

 Dorothy, as a disadvantaged spouse, is not required to deplete her property distribution in order to live. *See Wiege*, 518 N.W.2d at 711; *Heley*, 506 N.W.2d at 720. Dennis has not convinced us the spousal support award is excessive for Dorothy's needs or that he lacks the ability to pay it. The record supports the trial court's finding that Dennis' average gross monthly income is $2,430, far exceeding Dorothy's income. As the trial court noted, it is highly unlikely Dorothy will be rehabilitated to the extent that she will attain an earning capacity comparable to that of Dennis. The temporary rehabilitative spousal support ordered here is certainly reasonable under the circumstances.

We conclude the trial court's award of spousal support is not clearly erroneous.

### III

Dennis asserts the trial court erred in ordering him to pay one-half of Dorothy's attorney fees. We disagree.

 The trial court has authority in a divorce case to award attorney fees for proceedings in the trial court and upon appeal. N.D.C.C. § 14–05–23. The principal standards guiding an award of attorney fees in a divorce action are one spouse's need and the other's ability to pay. *Foreng v. Foreng*, 509 N.W.2d 38, 41 (N.D.1993). The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party has unreasonably increased the time spent on the case. *Lucy v. Lucy*, 456 N.W.2d 539, 544 (N.D.1990). We will not overturn an award of attorney fees unless the trial court abused its discretion. *Foreng*, 509 N.W.2d at 41.

 Here, the trial court ordered Dennis to pay $728, one-half of Dorothy's total attorney fees of $1,456. During these proceedings, Dennis unsuccessfully fought for a change of venue to McKenzie County where he was working, thereby increasing the amount of time Dorothy's attorney spent on the case. Dorothy, an inexperienced businesswoman, is struggling to establish a daycare business, and her future income is uncertain. On the other hand, Dennis, as the trial court noted, earns approximately four times more on average than Dorothy does in gross monthly income at a job he has maintained for almost 30 years. Dennis has not convinced us he is unable to pay. We conclude the trial court did not abuse its discretion in ordering Dennis to pay one-half of Dorothy's attorney fees.

The divorce judgment is affirmed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.