Gail F. HAGER, Plaintiff and Appellee,

v.

Kenneth HAGER, Defendant
and Appellant.

Civ. No. 950122.

Supreme Court of North Dakota.

Oct. 31, 1995.

Judith E. Howard, Howard Law Firm, Minot, for plaintiff and appellee.

Rauleigh D. Robinson, Mandan, for defendant and appellant.

VANDE WALLE, Chief Justice.

Kenneth Hager appealed from an amended judgment entered pursuant to a district court order modifying child support and denying his motion to eliminate spousal support to his former wife, Gail Hager. We affirm the amended judgment.

Kenneth and Gail were granted a divorce by the district court of McLean County. Trial was held on May 3 and 4, 1994, and Judgment was entered on June 29, 1994. Gail was granted custody of their three minor children and Kenneth was granted reasonable visitation.

At the time of trial, Gail was employed part-time with the Bismarck Tribune and earned between $200 and $300 per month. She had no formal education after high school but intended to enroll, and has since enrolled, in college to better her ability to provide for herself and her children. A millwright by trade, Kenneth was, and continues to be, a union member and employed by Lovegreen Turbine Services. During the marriage, Kenneth passed the general education development test (GED) and then attended the University of Mary. He is approximately 30 credits away from a management degree with a minor in accounting.

The trial court found that Kenneth's "earnings have been very su[b]stantial for the past number of years ranging from $36,093.00 to $81,060.00 over the last five years." The trial court was also "satisfied that the Defendant has hidden cash and other assets essentially since 1989 which proved impossible to track down by the Plaintiff." Due to the fluctuations in income, the trial court arrived at Kenneth's child support obligation by applying the child support guidelines to Kenneth's average net income which was calculated by averaging Kenneth's net income for a five year period, including the years 1989 through 1993. The divorce judgment provided, in relevant part, that Kenneth was to pay child support of $1,402 per month for the support of the three children and rehabilitative spousal support of $600 per month for six years or until the death of either party, whichever occurs first. No appeal was taken from the original Judgment.

In November 1994, Kenneth filed a motion to amend the judgment to reduce child support and spousal support. Because he sought a modification of his child support obligation less than one year after the judgment, Kenneth was required to demonstrate that a material change in circumstances had occurred. N.D.Cent.Code § 14–09–08.4(3). Kenneth claimed that a reduction in his income in the five months following the entry of the Judgment was a material change warranting modification of his financial obligations. Kenneth also filed a motion for relief from the judgment.

After a hearing in March 1995, the trial court issued an opinion and order denying Kenneth's request to modify child support and to eliminate spousal support. The trial court found that Kenneth had not shown an uncontemplated material change from the time of the original judgment since "[t]he original trial court considered possible fluctuations in earning capacity in determining the child support obligation." Even though the trial court did not find a material change of circumstances, the trial court stated that "a change in support is appropriate because the current support obligation was based on supposition, whereas we now have the benefit of facts." Gail has not made an issue in this appeal of Kenneth's failure to demonstrate a material change in circumstances. Using the original formula, the trial court recalculated Kenneth's average net income by averaging his net income for the most recent five year period, which included the years 1990 through 1994 and eliminated the income for the year 1989. The trial court applied the child support guidelines to the new average and thereby reduced Kenneth's child support obligation to $1,165 per month effective November 1, 1994. The spousal support obligation was continued at $600 per month. The trial court's amended judgment was entered on April 6, 1995.

A trial court's determination of whether there has been an uncontemplated material change of circumstances warranting a modification of child support or spousal support is a finding of fact which will be reversed only if the moving party shows that the trial court's finding was clearly erroneous. *See* N.D.R.Civ.P. 52(a); *Huffman v. Huffman,* 477 N.W.2d 594, 596–97 (N.D. 1991); *Muehler v. Muehler,* 333 N.W.2d 432, 433–435 (N.D.1983). Presumptively correct, a finding of fact is clearly erroneous only when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Huffman,* 477 N.W.2d at 596–97; *Gabel v. Gabel,* 434 N.W.2d 722 (N.D.1989).

Kenneth urges that there has been a material change of circumstances and attempts to distinguish his case from *Burrell v. Burrell,* 359 N.W.2d 381 (N.D.1985). Steven Burrell was a pipefitter earning an annual income of approximately $40,000. Considering this income figure, the divorce judgment provided

that Steven was to pay $550 per month in child support, $200 per month as property settlement payments, and maintain life and health insurance on the two minor children. Following the judgment, Steven was laid off from his job due to lack of work and sought a modification of his financial obligations. The trial court denied Steven's motion. On appeal, this court determined that Steven's unemployment was arguably temporary, taking into account testimony that skilled pipefitters frequently have periods of unemployment. We concluded that the trial court's finding of no material change in circumstances was not clearly erroneous.

 Kenneth asserts that his decreased earning capacity is not short-term as in *Burrell*. But, here, the trial court was presented with testimony that a skilled millwright also experiences periods of unemployment. The trial court recognized that the original trial court clearly considered the possibility that Kenneth may suffer a reduction in income and denied Kenneth's motion. Furthermore, the trial court found that Kenneth had hidden cash and other assets. As we have stated, ability to pay support is not determined solely on income earned; rather, the court considers the party's net worth, which includes the extent of his physical assets and his earning ability as demonstrated by past income. *Burrell, supra; Skoglund v. Skoglund,* 333 N.W.2d 795 (N.D.1983). We conclude that the trial court's finding that there was no showing of a material change in circumstances is not clearly erroneous.

 Gail sought an award of attorney fees for this appeal. Although we have concurrent jurisdiction with the trial court to decide this issue, we prefer that the trial court determine whether to award attorney fees because the trial court is in a better position to consider relevant factors. *See Roen v. Roen,* 438 N.W.2d 170 (N.D.1989); *McIntee v. McIntee,* 413 N.W.2d 366 (N.D.1987).

Therefore, we affirm the amended judgment and remand for consideration of Gail's request for attorney fees on appeal.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.