1997 ND 225

**Gail F. WITHEY, f/k/a Gail F. Hager, Plaintiff, Appellee and Cross–Appellant,**

v.

**Kenneth HAGER, Defendant, Appellant and Cross–Appellee.**

Civil No. 970160.

Supreme Court of North Dakota.

Dec. 2, 1997.

Sherry Mills Moore, of Foss and Moore, Bismarck, for plaintiff, appellee and cross-appellant.

Rauleigh D. Robinson, Bismarck, for defendant, appellant and cross-appellee.

SANDSTROM, Justice.

[¶ 1] Kenneth Hager appealed from an amended judgment denying his motion to reduce his child support. Gail Withey, Hager's former spouse, cross-appealed from a change in the parties' obligations for the children's medical expenses. Withey also requests attorney fees on appeal. We affirm the court's denial of Hager's motion to reduce child support, we reverse the court's modification of the medical expense obligations, and we remand for determination of Withey's request for attorney fees on appeal.

I

[¶ 2] Withey and Hager were divorced in 1994, and Withey was awarded custody of their three children. Hager's child support obligation was set at $1,402 per month. Hager was also required to provide health insurance for the children and to pay for all of their medical expenses not covered by insurance. Hager's child support obligation was reduced to $1,165 per month in an amended judgment on April 6, 1995. The reduced child support amount was based upon a five-year averaging of Hager's fluctuating income. Hager's obligation for the children's medical expenses was not changed. This Court affirmed the amended judgment in *Hager v. Hager*, 539 N.W.2d 304, 306 (N.D.1995).

[¶ 3] Hager fell into arrears on both spousal and child support. In July 1996, Hager and Withey executed a stipulation giving Withey a lump sum in settlement of the arrearages. An amended judgment reflecting their stipulation was entered on August 7, 1996. The amended judgment provided Hager's child support obligation "shall con-tinue at the rate specified" in the April 6, 1995 judgment. Two months later, in October 1996, Hager filed a motion to reduce his child support, based upon his 1995 income. The trial court denied Hager's motion but amended the medical expense provision to require Withey to pay one-half of the children's medical expenses not covered by insurance when those expenses exceed $750 in a calendar year. Hager appealed and Withey cross-appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 14–05–22. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01. The appeal and cross-appeal are timely under N.D.R.App.P. 4(a).

II

[¶ 5] Hager claims the trial court erred in refusing to reduce his child support to reflect the appropriate guideline amount based upon his 1995 income. Hager further contends it was unnecessary for him to demonstrate a material change in circumstances to reduce his support obligation, because his motion was made more than a year after his child support obligation was set at $1,165 per month on April 6, 1995.

[¶ 6] A trial court's findings of fact on a motion to modify child support are subject to review under N.D.R.Civ.P. 52(a) and will not be overturned on appeal unless they are clearly erroneous. *Iverson v. Iverson*, 535 N.W.2d 739, 743 (N.D.1995). The complaining party on appeal bears the burden of demonstrating a finding of fact is clearly erroneous. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 8, 567 N.W.2d 206. A finding of fact is clearly erroneous only when the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Hager*, 539 N.W.2d at 305. Questions of law are fully reviewable. *Stanley v. Turtle Mountain Gas & Oil, Inc.*, 1997 ND 169, ¶ 6, 567 N.W.2d 345.

[¶ 7] N.D.C.C. § 14–09–08.4(4) controls the question whether Hager must show a material change in circumstances:

"If a child support order sought to be amended was entered at least one year before the filing of a motion or petition for amendment, the court shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines, whether or not the motion or petition for amendment arises out of a periodic review of a child support order, and whether or not a material change of circumstances has taken place, unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted. *If a motion or petition for amendment is filed within one year of the entry of the order sought to be amended, the party seeking amendment must also show a material change of circumstances.*" (Emphasis added.)

This statute clearly requires an obligor requesting a change in child support to show a material change of circumstances if the motion to amend is brought "within one year of the entry of the order sought to be amended." Hager's motion must be for amendment of the August 7, 1996 judgment, because that is the latest judgment which establishes his child support obligation. Based upon the parties' agreement, the August 7, 1996 judgment continued Hager's child support obligation at $1,165 per month. It dealt with child support by continuing Hager's obligation without change. Hager's request two months later to modify his obligation, therefore, carries the statutory prerequisite of showing a material change of circumstances. *See Schmidt v. Reamann,* 523 N.W.2d 70, 72–73 (N.D.1994).

[¶ 8] The trial court specifically found Hager's initial support obligation was based upon Hager having annual fluctuating incomes. The court concluded Hager's decrease in income for 1995, therefore, "does not support a reduction in the obligation." The court found, in essence, Hager's 1995 income deviation was not an uncontemplated

change of circumstances. Hager did not even attempt to demonstrate a material change of circumstances, because he erroneously believed he did not have that burden. We are not convinced the trial court made a mistake, and we conclude, therefore, the trial court's findings upon which it denied Hager's request to reduce his child support obligation are not clearly erroneous.

## III

[¶ 9] Withey cross-appealed, asserting the trial court erred in amending the medical expense obligations by requiring Withey to pay one-half of the children's medical expenses not covered by health insurance when those expenses exceed $750 in a calendar year. Under N.D. Admin. Code § 75–02–04.1–01(7)(e), payments by the obligor for the children's actual medical expenses are deducted from the obligor's monthly gross income for purposes of calculating the obligor's monthly support obligation. *See, e.g., Dickson v. Dickson,* 1997 ND 167, ¶ 17 n. 2, 568 N.W.2d 284; *Steffes v. Steffes,* 1997 ND 49, ¶ 35, 560 N.W.2d 888.[1] The trial court is required to find a material change of circumstances before amending an obligor's medical support obligation for his children. *See, e.g., Neppel v. Neppel,* 528 N.W.2d 371, 373 (N.D. 1995). "Only after the trial court determines that a material change of circumstances has occurred, without reference to the guidelines, can it proceed to modify the child support." *Garbe v. Garbe,* 467 N.W.2d 740, 743 (N.D. 1991). The trial court's only explanation for amending Hager's medical expense obligation was the court "does not believe it unreasonable that parents share medical expenses not covered by insurance." We conclude the trial court's amendment of the medical expense obligation is clearly erroneous, because the court did not make a prerequisite finding of a material change of circumstances to justify the change.

## IV

[¶ 10] Withey seeks an award of attorney fees for this appeal. Although we

---

1. By statute, health insurance coverage for minor children must be made part of a support order and must be provided by the custodial parent if it is available "at no or nominal cost" and otherwise be provided by the non-custodial parent when it is available "at reasonable cost." N.D.C.C. § 14–09–08.10. *See also* N.D.C.C. §§ 14–09–08.11 and 14–09–08.18. Application of these statutes are not at issue in this appeal.

have concurrent jurisdiction with the trial court to decide this issue, we have often recognized the trial court is in a better position to consider the relevant factors. *See, e.g., Hager,* 539 N.W.2d at 306. Consequently, we prefer the trial court decide whether to grant the request for attorney fees on appeal.

## V

[¶ 11] We affirm the trial court's denial of Hager's request for a reduced monthly child support obligation, we reverse the trial court's modification of the medical expense obligations for the children, and we remand to the trial court for consideration of Withey's request for attorney fees on appeal.

[¶ 12] VANDE WALLE, C.J., and NEUMANN and MARING, JJ., concur.

MESCHKE, Justice, concurring.

[¶ 13] I join in the reversal of the change in the medical expense obligation and in the remand for consideration of Withey's request for attorney fees. However, I only concur in the result of denying Hager's motion to reduce child support, and I write to give my reasons.

[¶ 14] The July 1996 agreement between these parents was intended only to settle arrearages in spousal and child support. By its plain language, it was not intended to affect current child support in any way. The clause agreed:

> Child support shall continue at the rate specified commencing August 1, 1996, and continuing on the first day of each month thereafter pursuant to paragraph III of Amended Judgment dated April 6, 1995. All support payments made after August 1, 1996, shall be applied to future child support.
>
> The parties specifically agree that Ken's child support obligation from August 1, 1996, forward is not considered a part of this stipulation and agreement, but shall be considered to be a separate and distinct matter separate and apart from this agreement.

In this context, "[c]hild support shall continue" cannot imply "renewal" for another year, but must mean "unaffected" by the stipulated amendment of the judgment. Fairly read, "Ken's child support . . . forward is not considered a part of this stipulation. . . ."

[¶ 15] Therefore, Ken was entitled under NDCC 14–09–08.4(4) to move to amend the child support order entered on April 6, 1995. Ken's motion was made on August 7, 1996, more than a year after the last effective order setting child support, as the statute authorizes.

[¶ 16] Still, I concur in the denial of a decrease in Ken's child support obligation because the only basis that Ken argued to the trial court was that his 1995 tax return was the sole determinant of Ken's current income to fix future child support. *See* NDAC 75–02–04.1–02(7): "Where gross income is subject to fluctuation, . . . information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided." Since the prior child support determination had used a five-year income average for Ken's fluctuating income, and Ken never asked the trial court to re-calculate his obligation with a new five-year income average, I agree the trial court's denial should be affirmed.

[¶ 17] As we have ruled in many cases, an appellant cannot raise a new ground on appeal that has not been fairly presented to the trial court. While a new five-year average might have decreased Ken's child support obligation, Ken did not satisfactorily present that position to the trial court.

[¶ 18] Herbert L. Meschke