2001 ND 19

Ann L. SCHMITZ, Plaintiff, Appellee
and Cross–Appellant,

v.

Orell D. SCHMITZ, Defendant,
Appellant and Cross–
Appellee.

No. 20000133.

Supreme Court of North Dakota.

Feb. 2, 2001.

Cathy Howe Schmitz (submitted on brief), Schmitz Law Office, Williston, ND, for defendant, appellant and cross-appellee.

Michael L. Gjesdahl (submitted on brief), Gjesdahl & Deitz, PLLP, Fargo, ND, for plaintiff, appellee and cross-appellant.

MARING, Justice.

[¶ 1] Orell Schmitz appeals from a judgment denying his motion to modify spousal support, and Ann Schmitz appeals from a judgment awarding her $2,000 in attorney fees. We affirm.

I

[¶ 2] Orell Schmitz and Ann Schmitz were married April 13, 1974, and divorced June 15, 1993. The original divorce decree established Orell's spousal support at $800 a month for five years, with the trial court retaining jurisdiction over spousal support.

[¶ 3] On August 13, 1997, Ann moved the trial court to amend the original judgment. The trial court entered an amended judgment dated December 17, 1997, increasing the spousal support to $2,200 per month from August 1997 to May 1998 and $4,000 per month from June 1998 to May 2001. Again, the trial court retained jurisdiction over spousal support. On appeal, this Court affirmed the amended judgment. *Schmitz v. Schmitz*, 1998 ND 203, 586 N.W.2d 490.

[¶ 4] On February 24, 1999, Orell moved the trial court to amend his spousal support obligation. He claimed an 18.5 percent reduction in his gross income between 1997 and 1998 was a material change in circumstances warranting modification of his spousal support obligation. On April 15, 1999, Ann filed a response opposing the motion for a reduction in spousal support and a counter motion requesting an award of attorney fees.

[¶ 5] After a hearing in October 1999, the trial court entered a money judgment on March 13, 2000, ordering Orell to pay Ann $2,000 in attorney fees. The court on March 17, 2000, issued a second judgment, denying Orell's request to reduce spousal support. The trial court concluded Ann's needs had not changed and Orell's ability to pay spousal support had not changed. In its Findings of Fact, Conclusions of Law, and Order for Judgment the court stated: "[Orell] has shown a downward trend in gross income. However, he has also had a decrease in expenses and has[,] therefore[,] not shown a substantial change in circumstances which would justify the [c]ourt in reducing his spousal support obligation." Accordingly, the trial court concluded Orell had not shown a material change in circumstances justifying a reduction in spousal support. Orell filed his Notice of Appeal on April 28, 2000, and

Ann filed her Notice of Cross–Appeal on May 15, 2000.

## II

[¶ 6] Orell contends the trial court applied an incorrect standard in determining whether he experienced a material change in circumstances. Specifically, he states the trial court failed to consider the needs of Ann against his ability to pay support. He further states the court erroneously considered in-kind income he receives from his second wife in determining whether a change in circumstances existed.

[¶ 7] A trial court's determination regarding a material change in circumstances warranting a modification of spousal support is a finding of fact and will only be set aside on appeal if it is clearly erroneous. *Greenwood v. Greenwood,* 1999 ND 126, ¶ 15, 596 N.W.2d 317. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite and firm conviction a mistake has been made. *Schiff v. Schiff,* 2000 ND 113, ¶ 10, 611 N.W.2d 191.

[¶ 8] The trial court did not apply an erroneous view of the law in determining whether to modify spousal support. Spousal support payments may be modified only upon a showing of a material change of circumstances justifying the modification. *Ketelsen v. Ketelsen,* 1999 ND 148, ¶ 11, 598 N.W.2d 185. A "material change" is something substantially affecting the financial abilities or needs of a party. *Pearson v. Pearson,* 2000 ND 20, ¶ 12, 606 N.W.2d 128. Not every financial change in circumstances justifies a modification, and when the change is self-induced no modification is warranted. *Wheeler v. Wheeler,* 548 N.W.2d 27, 31 (N.D.1996).

[¶ 9] At the time of the December 17, 1997, amended judgment, Ann had obtained recertification to teach home economics and had made a good faith effort to find employment. Obtaining her teaching certificate was not her rehabilitative goal, however. It was her intent to attend a counseling program that would allow her the opportunity to live independently. The amended judgment provided Ann with three additional years of spousal support in order to provide her with such an opportunity. Ann, however, has not yet completed her educational goals to increase her earning capacity. The trial court determined Ann continues to earn significantly less income than Orell. Moreover, she continues to maintain the marital home at a great expense. Although her home is presently listed with a real estate agent, it remains unsold despite efforts to sell it. Ann testified that it would be necessary for her to sell the marital home before she could afford to relocate and attend a counseling program. Therefore, until Ann is able to sell the marital home, the trial court determined her financial situation would likely not improve.

[¶ 10] Our Court has stated that changes in the parties' financial conditions which were contemplated by the court in the original divorce judgment or the previous modification do not constitute a material change in circumstances warranting modification. *Schmitz,* 1998 ND 203, ¶ 9, 586 N.W.2d 490; *Wheeler,* 548 N.W.2d at 31. The reduction in Orell's income is not an uncontemplated material change in circumstances affecting his ability to pay support. Our Court has stated that earned income is not the sole consideration in determining a party's ability to pay support. *Hager v. Hager,* 539 N.W.2d 304, 306 (N.D.1995). Rather, the court must consider a party's net worth, including the extent of his assets and his earning ability as demonstrated by past income. *Id.* The trial court concluded Orell is in his prime earning years as an attorney. The court's findings of fact indicate he has a high potential earning capacity and his current gross income is the direct result of the number of hours he works. While Orell's income fluctuates from one year to

the next due to the nature of his profession such fluctuations were contemplated in the previous modification. *Schmitz,* 1998 ND 203, ¶ 10, 586 N.W.2d 490. In 1999, Orell earned a gross income of $86,000, but the next year he could earn significantly more. We are not convinced the trial court erred in finding his current reduction in income is not a material change in circumstances. Having concluded there is evidence to support the court's findings, we do not need to address whether in-kind income Orell received from his second wife can be considered in determining his financial circumstances.

### III

■ [¶ 11] Ann asserts the trial court erred in awarding her only $2,000 in attorney fees. She argues the court's award was insufficient because Orell had the benefit of free legal services and because he needlessly prolonged the litigation. We disagree.

■ [¶ 12] A trial court's decision regarding attorney fees will not be set aside on appeal unless it is established the trial court abused its discretion. *Cermak v. Cermak,* 1997 ND 187, ¶ 20, 569 N.W.2d 280. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of rational mental process." *Weigel v. Weigel,* 2000 ND 16, ¶ 16, 604 N.W.2d 462. The principle considerations concerning an award of attorney fees are one party's need and the other's ability to pay. *Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 16, 592 N.W.2d 527 (citing *Bakes v. Bakes,* 532 N.W.2d 666, 669 (N.D. 1995)). After considering the parties' disparity in earning capacity, the court determined Orell had a greater ability to pay and, therefore, ordered him to pay a portion of Ann's attorney fees. The trial court further determined that neither party increased the cost of the litigation by

unreasonably prolonging it. Upon review of the entire record, we conclude the trial court did not abuse its discretion in assessing only $2,000 in attorney fees.

### IV

■ [¶ 13] Ann requests that we award her attorney fees on appeal. "Although we have concurrent jurisdiction with the trial court to award attorney fees on appeal, we prefer that the trial court decide the issue." *Conkins v. Steffan,* 532 N.W.2d 59 (N.D.1995).

### V

[¶ 14] We, therefore, affirm the judgment of the trial court and remand Ann's request for attorney fees on appeal.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, J., and WILLIAM F. HODNY, S.J., concur.

[¶ 16] The Honorable WILLIAM F. HODNY, S.J., sitting in place of KAPSNER, J., disqualified.

SANDSTROM, Justice, concurring in the result.

[¶ 17] Because the majority opinion mischaracterizes the evidentiary record and obscures the district court's rationale, thus avoiding a significant public policy question, I concur only in the result.

[¶ 18] The majority, at ¶ 10, says fluctuation in Orell Schmitz's income was contemplated so there is no substantial change in circumstances. The undisputed evidence, however, does not reflect fluctuation, but steady decline. Orell Schmitz's annual income has declined steadily from $124,000 in 1996 to $76,853 in 1998. The district court estimated Orell Schmitz's 1999 income at approximately $86,000.[1] In fact, the district court characterized this decline in income as "a downward trend in gross income." This steady decline in in-

---

1. In ¶ 10, the majority improperly attributes an $86,000 gross income to Orell Schmitz for 1999. In its findings, the district court extrapolated an estimated income for 1999 based on Orell Schmitz's income through September.

come is not what was contemplated. *See Schmitz v. Schmitz*, 1998 ND 203, ¶ 12, 586 N.W.2d 490 (a change now foreseeable "with the benefit of hindsight is not necessarily" a contemplated change).

[¶ 19] The district court considered the financial contributions of Orell Schmitz's new wife in analyzing his current financial needs and ability to pay. In finding of fact number nine, the district court found, "At least one-half of the defendant's living expenses are paid by his new wife in the form of payments for clothing, gifts, food and other monthly expense items." The new wife's financial contributions offset the effects of Orell Schmitz's steady income decline. In its second conclusion of law, the district court concluded, "The defendant has shown a downward trend in gross income. However, he has also had a decrease in expenses and has therefore not shown a substantial change in circumstances which would justify the Court in reducing his spousal support obligation." Arguably, there are offsetting substantial changes in circumstance.

[¶ 20] Although there are great questions as to where this analysis could lead, I would affirm the district court's conclusion under these very limited circumstances. *See Carnahan v. Carnahan*, 118 Ohio App.3d 393, 692 N.E.2d 1086, 1089, 1091 (1997) (Ohio law does not allow the inclusion of "the new spouse's income for the purpose of determining spousal support," but the income "can be considered when there is an allegation of a change in circumstances."); *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974) (citing *Holesinger v. Holesinger*, 252 Iowa 374, 107 N.W.2d 247, 251 (1961) (stating all factors of remarriage "must be considered with their attending circumstances, i.e., how do they affect the needs and obligations of the parties?")); *In re Marriage of Serna*, 85 Cal.App.4th 482, 102 Cal.Rptr.2d 188, 191 (2000) ("The Legislature has made it quite clear, however, that the income of a new spouse is not to be considered in any spousal support order .") (citation omitted).

[¶ 21] Dale V. Sandstrom.