Mike **SCHAFF**, Plaintiff and Appellant,

v.

Carol **SCHAFF**, Defendant and Appellee.

Civ. No. 890106.

Supreme Court of North Dakota.

Dec. 20, 1989.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Charles L. Chapman.

Bair, Brown & Kautzmann, Mandan, for defendant and appellee; argued by Dwight C.H. Kautzmann.

GIERKE, Justice.

Mike Schaff appealed from the Third Amended Judgment, dated March 1, 1989, of the district court modifying Mike's spousal support obligation to his former spouse, Carol Schaff. We affirm.

Mike and Carol were divorced in 1984. The original divorce decree was based upon a stipulated agreement between Mike and Carol. They were awarded joint custody of their two minor children, with physical custody alternating between them every six months. The original decree provided that when Carol had physical custody of the children she would receive monthly child support from Mike of $150 per child. Alimony was also awarded to Carol in the original decree as follows:

> "The parties note and acknowledge that the Defendant suffers from various infirmities and that the Defendant may find it difficult, if not impossible, to find employment on a permanent and full-time basis. Therefore, the parties provide for the payment of alimony in the sum of $150.00 per month, commencing in September, 1984, and continuing for a period of five (5) years, until August, 1989."

In 1986, Carol filed a motion to amend the original decree, requesting full custody of the children and increased child support and alimony payments. Her motion was denied.

In 1988, Mike and Carol agreed that Mike would assume physical custody of the children and that Mike's child support payments would cease at that time. A Second Amended Judgment incorporating these changes was entered on June 9, 1988. Carol then filed a motion requesting the district court to increase and extend Mike's spousal support payments. The trial court granted Carol's motion, increasing Mike's spousal support payments to $400 per month and extending them for an additional five year period. A Third Amended Judgment incorporating the increased spousal support was entered, from which Mike has filed this appeal.

█ Rehabilitative spousal support can be awarded by the court to provide an

opportunity for a disadvantaged spouse to seek education, training, or experience that will enable the spouse to become self-supporting. *Oviatt v. Oviatt*, 355 N.W.2d 825 (N.D.1984). However, permanent spousal support may be awarded to provide maintenance for a spouse incapable of rehabilitation. *Gooselaw v. Gooselaw*, 320 N.W.2d 490 (N.D.1982). A party requesting a modification of spousal support must show that there has been a material change in circumstances. *Muehler v. Muehler*, 333 N.W.2d 432 (N.D.1983). Material change means something which substantially affects the financial abilities or needs of one party or the other. *Bingert v. Bingert*, 247 N.W.2d 464 (N.D.1976). Although a trial court should be more reluctant to revise a decree which is based upon an agreement of the parties, spousal support based upon such an agreement can clearly be modified by the court upon a showing of material change in circumstances which justifies the modification. *Wheeler v. Wheeler*, 419 N.W.2d 923 (N.D.1988). The trial court's determination on a motion to modify a divorce decree will not be set aside on appeal unless it is clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *Wheeler, supra.*

On appeal Mike asserts that Carol is precluded from relitigating her request for a change in spousal support because it is based on the same matters that were considered by the parties and the court when the original divorce decree was entered in 1984 and when Carol's 1986 motion for modification was denied.

The relevant statutory provision is Section 14–05–24, N.D.C.C.:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. *The court from time to time may modify its orders in these respects.*" (Emphasis added.)

■ Under Section 14–05–24, N.D.C.C., the trial court has continuing jurisdiction to modify spousal support. The statute does not limit a party to a single attempt to have the trial court modify its determinations regarding custody, child support, or spousal support. Although Mike argues that Carol should not have been allowed to bring this motion for change of spousal support because she brought a similar one in 1986, he cites no authority to persuade us that his position is correct. Carol's burden is to prove that there has been a material change of circumstances since entry of the original spousal support award to justify modification of that award. She was not precluded from making the motion for modification in 1988, simply because she was unsuccessful in 1986 in persuading the trial court that there was a material change of circumstances requiring a modification at that time.

Mike asserts that Carol has failed to meet her burden of showing a material change of circumstances. We disagree.

The trial court made the following relevant findings of fact:

"The Court finds there has been a material change in circumstances. Those changes are that (1) her [Carol's] illness is more debilitating than previously anticipated or perceived, (2) she is not in fact employable, thus verifying the previously recognized possibility, and (3) the anticipated income source of the home equity has in fact failed as a source of income and financial security."

Carol suffers from a condition diagnosed as "systemic lupus erythematosus." It is a chronic condition in which her own immune system attacks various organs within her body. Some of the manifestations of the disease suffered by Carol are seizures, deteriorating intellectual ability, fatigue, and depression. There is evidence that Carol's illness has become progressively debilitating. In 1987 and 1988 Carol suffered grand mal seizures and in April 1988 her doctor discovered that she had a leaky heart valve. In May 1987 a federal administrative law judge determined that Carol

was totally disabled for purposes of being entitled to receive social security disability benefits.

There is evidence that Carol is unemployed and will remain unable to work because of her mental and physical condition. There is also evidence to support the trial court's finding that the sale of Carol and Mike's house has not provided Carol with equity as a source of income.

■ In determining whether there has been a material change in circumstances to warrant modification of a spousal support obligation the court must examine the extent that the changes were contemplated at the time of the original decree. *Wheeler, supra,* 419 N.W.2d at 925. We cannot say that the trial court was clearly erroneous in finding that Carol's illness is more debilitating than previously contemplated and that her current inability to work and lack of financial security weren't fully anticipated.

The trial court found that Carol has demonstrated a sufficient change of circumstances to warrant her receiving spousal support of $400 per month for five years. We conclude that the trial court's findings on this issue are not clearly erroneous.

The trial court also found that Mike has the ability to pay the modified spousal support awarded by the court. Mike asserts that he does not have the resources to pay the modified award of spousal support and that the trial court is clearly erroneous in concluding otherwise.

■ Mike introduced evidence showing that his gross income for 1988 was $28,-920.68 and that his expenses were $2,346.43 per month, including the $150 monthly spousal support awarded Carol in the original decree. Although Mike testified that his expenses currently exceed his net income, he also testified that he is employed nine months of the year as a teacher but that he currently does not seek other employment during the summer months.

Having reviewed the entire record, we conclude that there is substantial evidence upon which the trial court could conclude that Mike has the ability to pay Carol spousal support of $400 per month.

Mike asserts that the trial court improperly received defendant's Exhibit 16 into evidence. During the trial Joe Kurtz, Carol's father, testified regarding disposition of the proceeds from the sale of Carol and Mike's house. Prior to closing arguments Carol's counsel requested the court to admit Exhibit 16 into evidence. The exhibit is a written document prepared by Mr. Kurtz which explains disposition of the proceeds from the sale of the house. Carol's attorney told the court that he would either move to reopen the case for purposes of having Mr. Kurtz again take the witness stand and, through him, introduce Exhibit 16 or, instead, the parties could stipulate to the admission of Exhibit 16. In response, Mike's attorney stated:

"Your Honor, on the one hand, I'm wary simply to stipulate, but on the other hand, I'm not necessarily saying that I need Mr. Kurtz up on the stand. I simply need some time to look at it."

The trial court gave Mike's attorney twenty-four hours to indicate whether he would object to admission and consideration of the exhibit. Mike's attorney has not identified any item in the record showing that he subsequently objected to the trial court's consideration of Exhibit 16. Consequently, we are unpersuaded that the trial court erred in considering that evidence.

Judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDEWALLE, LEVINE and MESCHKE, JJ., concur.