**Mary L. HUFFMAN, Plaintiff and Appellant,**

v.

**Jeryl R. HUFFMAN, Defendant and Appellee.**

**Civ. No. 910125.**

Supreme Court of North Dakota.

Nov. 22, 1991.

Ronald A. Reichert, of Freed, Dynes, Reichert, Buresh & Herauf, PC, Dickinson, for plaintiff and appellant.

Michael J. Maus of Howe, Hardy, Galloway & Maus, PC, Dickinson, for defendant and appellee.

VANDE WALLE, Justice.

Mary Huffman appealed from a district court order, dated April 4, 1991, reducing the spousal support she receives from her former husband, Jeryl Huffman. We reverse and remand for entry of an order reinstating the original spousal support award.

After twenty-three years of marriage, Jeryl and Mary were divorced in May 1988. They proceeded with the matter as a default divorce and stipulated to the disposition of marital property and debts, child custody and support, and spousal support. Based upon Jeryl and Mary's stipulation, the original divorce judgment contained the following provisions relevant to this appeal, regarding spousal support and property division:

"The parties did enter into an oral stipulation and agreement with regard to spousal support. [Jeryl] shall pay to [Mary] in a means acceptable to the Clerk of Court the sum of $1,200.00 per month commencing on May 1, 1988, and continuing for a period of one year through April 1, 1989; thereafter, commencing on May 1, 1989, [Jeryl] shall pay $1,000.00 a month for a period of one year through April 1, 1990; thereafter, commencing May 1, 1990, [Jeryl] shall pay the sum of $800.00 per month for a period of three years, and on April 1, 1993, all spousal support shall cease and the Court shall have no jurisdiction over spousal support.

\*     \*     \*     \*     \*     \*

"As a further division of property, [Mary] shall be entitled to 50 percent of [Jeryl's] net monthly military retirement benefits, that is, the 'disposable retired or retainer pay' as defined by now existing 10 USC § 1408(a)(4), which 50 percent will be calculated on [Jeryl's] monthly base pay as of July 1, 1987, the date the parties separated, which amount was $3,747.60, and [Jeryl's] rank was Lieutenant Colonel. Such property division shall be paid in monthly installments on the same basis that [Jeryl] is entitled to receive his military retirement benefits, if any."

After the divorce Mary moved to California. She now has a job there as an administrative assistant at a salary of $1,300 per month. Mary and Jeryl's youngest daughter, Erin, is currently living with Mary in California, where she attends college and works part-time. The eldest daughter, Paula, is 23 years old and works full-time as an airline flight attendant.

Jeryl remarried after the divorce. He retired as a Lieutenant Colonel from the United States Air Force about two years after the divorce. He currently works at TMI, a local manufacturing company, where his salary is $2,528 per month. Jeryl's gross retirement pay from the Air Force is $2,671 per month of which Mary receives $971.71 per month as part of her share of the marital property division.

Asserting that his early retirement was unanticipated and resulted in a decrease in income to himself and an increase in income to Mary, Jeryl filed a motion requesting the district court to terminate his $800 monthly spousal support obligation to Mary as of the date of Jeryl's retirement. Following a hearing, the district court found that there has been a material change in circumstances since the divorce that warrants a modification of the original spousal support award. The trial court ordered that Jeryl's spousal support obligation be reduced to $100 per month, effective February 1, 1991, and to continue until April 1993 when, in accordance with the original divorce decree, the entire spousal support obligation terminates.

■■■ Mary asserts on appeal that the district court's findings that there has been a material change of circumstances after the divorce and that the change warrants a reduction in her spousal support payments are clearly erroneous and should be set aside. Spousal support payments may be modified only upon a showing of a material change of circumstances which would justify a modification. *Eberhart v. Eberhart,* 301 N.W.2d 137 (N.D.1981). A "material change" means something which substantially affects the financial abilities or needs of a party, and the reason for changes in income must be examined as well as the extent that the changes were originally contemplated by the parties. *Wheeler v. Wheeler,* 419 N.W.2d 923 (N.D.1988). The trial court should be more reluctant to modify an original decree which is based upon an agreement of the parties than one based upon the court's findings. *Wheeler, id.,* at 925; *see also Bingert v. Bingert,* 247 N.W.2d 464 (N.D.1976).

■■■ The trial court's determinations on whether there has been a material change of circumstances and whether the change warrants a modification of spousal support are treated as findings of fact that will not be set aside unless they are clearly erroneous. *See* Rule 52(a), N.D.R.Civ.P.; *Schaff v. Schaff,* 449 N.W.2d 570 (N.D.1989); *Muehler v. Muehler,* 333 N.W.2d 432 (N.D.1983). A finding is clear-

ly erroneous only when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Gabel v. Gabel*, 434 N.W.2d 722 (N.D.1989).

■ The district court found that there has been a material change of circumstances since the entry of the original divorce decree. More specifically, the court made the following relevant findings as part of its April 4, 1991 order:

"The Court does find that there have been material changes in circumstances since the time of the divorce. These changes include the early retirement of Jeryl R. Huffman from the Air Force and the fact that his disposable income upon retirement was less than both parties contemplated it would be. An additional change in circumstances is the fact that Mary L. Huffman has contributed to the support of both children beyond high school. Because of these changes in circumstances, the rehabilitative support obligation of Jeryl R. Huffman should be modified. If Jeryl R. Huffman had not retired early, Mary L. Huffman would presently be receiving $800.00 per month in rehabilitative support. Because of his retirement, she is now receiving $971.00 per month."

There is no dispute that the circumstances of the parties have changed since the date of the divorce decree. We are not convinced that the trial court made a mistake in finding that those changes in circumstances were material. Jeryl has retired since that time and the record supports the trial court's findings that Jeryl retired earlier from the Air Force than either party had contemplated, that Jeryl's disposable income was less upon retirement than contemplated by the parties, and that Mary is currently receiving $971.00 per month as her share of Jeryl's retirement benefits.

Nevertheless, we are convinced that the trial court is mistaken in its finding that the change of circumstances warrants a modification of the original spousal support award.

■ One factor to consider in determining whether a change of circumstances warrants a modification of an original divorce decree is whether the change is voluntary. *See Gabel, supra,* at 723. Jeryl voluntarily retired from the Air Force two years after his divorce from Mary, rather than at a later date. Jeryl argues that he was "forced" into an early retirement, because his alternative was to accept a transfer by the Air Force to a new location in a position with less responsibilities than he was currently performing. We disagree that Jeryl's decision was not voluntary. Persons must often choose between two or more less than perfect alternatives. That doesn't necessarily make the choice an involuntary one. Jeryl chose retirement over the new position, because he apparently considered that choice was in his best interests. He could have chosen, instead, to accept the new position and to retire at a later date.

■ The original spousal support award was based upon an agreement by the parties and, therefore, should be changed only with great reluctance by the trial court. *Bingert, supra.* The original agreement explicitly recognized that Mary's share of the military benefit was to be part of her share of the property division, not a part of or in lieu of spousal support. In the original decree Mary's share of the retirement benefit is fixed and calculated on Jeryl's monthly base pay as of July 1, 1987. The provision does not specify a fixed retirement date for Jeryl and does not calculate the division of the retirement benefit based upon a contemplated retirement date.

The original decree sets Mary's spousal support at $1,200 per month beginning in May 1988 and provides for periodic decreases until spousal support terminates entirely on April 1, 1993. The parties could have very easily agreed to tie spousal support to Jeryl's retirement from the Air Force by having spousal support terminate on April 1, 1993 or upon Jeryl's retirement, whichever occurred first. There is no such language or other manifested tie between spousal support and Jeryl's retirement from the Air Force.

When we couple the rule that courts should be reluctant to modify stipulated provisions with the voluntariness of the change in circumstances, we are convinced that the district court was mistaken in modifying the original spousal support award under the facts of this case. In accordance with this opinion, the order of the district court is reversed and the case is remanded for entry of an order reinstating the original award of spousal support.

ERICKSTAD, C.J., and LEVINE and MESCHKE, JJ., concur.

Justice H.F. GIERKE, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the U.S. Court of Military Appeals and did not participate in this decision.