1998 ND 203

Ann L. SCHMITZ, Plaintiff and Appellee,

v.

Orell D. SCHMITZ, Defendant
and Appellant.

Civil No. 980056.

Supreme Court of North Dakota.

Nov. 19, 1998.

Rauleigh D. Robinson, Bismarck, for plaintiff and appellee.

Thomas M. Tuntland of Tuntland and Hoffman, Mandan, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Orell Schmitz appeals from an amended divorce decree modifying his spousal support obligation payable to Ann Schmitz. We affirm the judgment of the district court.

I

[¶ 2] Ann and Orell Schmitz were married on April 13, 1974. The original judgment decreeing their divorce was entered on June 15, 1993. The judgment established Orell Schmitz's spousal support obligation at $800 per month for five years, with the district court retaining jurisdiction over spousal support.

[¶ 3] On August 13, 1997, Ann Schmitz moved to amend the judgment. In December 1997, the district court entered an amended judgment, increasing the spousal support to $2,200 per month from August 25, 1997, to May 25, 1998, and $4,000 per month from June 25, 1998, to May 25, 2001. The district court again retained jurisdiction.

[¶ 4] Orell Schmitz appeals the amended judgment, arguing the modification of spousal support was not based on a change of circumstances, and the award is excessive in amount.

II

[¶ 5] To modify spousal support, a material change in circumstances must exist to justify the modification. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 24, 567 N.W.2d 206. The party seeking the modification bears the burden of showing a material change in circumstances warranting a modification of

spousal support. *Wheeler v. Wheeler*, 548 N.W.2d 27, 30 (N.D.1996). A district court's determination of changed circumstances justifying a modification of spousal support is a finding of fact, which will only be set aside on appeal if it is clearly erroneous. *Id.; Hager v. Hager*, 539 N.W.2d 304, 305 (N.D.1995). Under N.D.R.Civ.P. 52(a), a finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record this Court is left with a firm conviction that a mistake has been made. *Van Klootwyk v. Van Klootwyk*, 1997 ND 88, ¶ 13, 563 N.W.2d 377.

[¶ 6] Findings of fact should be stated in a manner reflecting the factual basis of the district court's decision. *Wheeler*, 548 N.W.2d at 30. We will not remand for clarification of findings of fact when, through inference or deduction, we may discern the district court's rationale. *Id.; Alvarez v. Carlson*, 524 N.W.2d 584, 591 (N.D. 1994). We will rely on implied findings of fact when the record enables us to clearly understand the district court's factual determinations, and the basis for its conclusions of law and judgment. *Wheeler*, at 30; *Reinecke v. Griffeth*, 533 N.W.2d 695, 698 (N.D.1995).

[¶ 7] In this case, it appears the district court based its modification on two changed circumstances: (1) Orell Schmitz's increased income; and (2) Ann Schmitz's inability to reach maximum rehabilitation within the time and geographical confines dictated by the circumstances of the parties and the children at the time of the divorce.

[¶ 8] We consider first Orell Schmitz's increased income. Orell Schmitz argues a changed circumstance must be both material and one which was not contemplated in the original decree. He notes his increased income was taken into consideration, and therefore, does not constitute a change in circumstances.

[¶ 9] Changes in the parties' financial conditions which were in fact considered by the court in the original divorce judgment do not constitute a material change in circumstances warranting a modification of spousal support. *Wheeler*, 548 N.W.2d at 31.

[¶ 10] The district court in its 1993 memorandum decision and order awarded additional rehabilitative costs to Ann Schmitz, over and above the spousal and child support awards. The court stated, "the defendant is now in his prime earning years as an attorney and it is likely that his income will increase because of his experience and enhanced ability to attract clientele based upon increasing professional stature." The court noted Orell Schmitz would likely be able to pay the additional rehabilitative costs from this increased income. Clearly, the record does not support a finding the increase was not contemplated by the district court in its original decree. On this record, the increase in Orell Schmitz's income is not an uncontemplated material change which justifies a modification of spousal support. *Id.* at 31–32.

[¶ 11] The district court also found the inability of Ann Schmitz to reach maximum rehabilitation within the time and geographical confines dictated by the circumstances of the parties and the children at the time of the divorce a changed circumstance. Orell Schmitz argues there has been no unforeseen change in circumstances since 1993, justifying an extension and increase in spousal support to allow Ann Schmitz to obtain her Master's degree. We disagree.

[¶ 12] Both parties made much in their briefs and at oral argument of the "foreseeability" of events that occurred after the initial decree. We have stated, "[i]n determining whether there has been a material change in circumstances to warrant modification of a spousal support obligation the court must examine the extent that the changes were *contemplated* at the time of the original decree." *Schaff v. Schaff*, 449 N.W.2d 570, 573 (N.D.1989) (emphasis added). A contemplated change is very different from a change that is merely foreseeable. A contemplated change is one taken into consideration by the district court in fashioning its original decree. A change which now can be called foreseeable with the benefit of hindsight is not necessarily a change contemplat-

ed by the district court at the time of the original divorce decree.

[¶ 13] In 1993, the district court was cognizant of Ann Schmitz's desire to achieve a Master's degree, but the district court noted she had changed her mind and had decided to stay in Bismarck until the minor children were out of school. The district court also noted, "in order to qualify herself for employment either as a secondary school teacher or as a home economist in a non-teaching setting," Ann Schmitz would require additional education. The district court noted Ann Schmitz should be able to obtain all of the education she needed to re-establish herself in the job market within five years, consequently the court awarded spousal support for five years.

[¶ 14] On December 9, 1997, in its memorandum decision and order, the district court found Ann Schmitz had obtained her certification to teach home economics and that she had made a good-faith effort to find suitable employment. The district court also found the teaching certificate was not Ann Schmitz's maximum rehabilitated potential, and that she had not been able to secure gainful employment. The district court concluded her plan to attend a three-year program in counseling, not available in Bismarck, would allow her the opportunity to live independently.

[¶ 15] Orell Schmitz argues Ann Schmitz's actions are a voluntary failure to comply with the district court's 1993 order, and therefore cannot constitute a change of circumstances justifying an extension of spousal support. While we agree a voluntary failure to comply with a district court's order cannot justify an extension of spousal support, *see Huffman v. Huffman,* 477 N.W.2d 594, 597 (N.D.1991), we do not agree that is what happened here. The record supports the district court's findings of changed circumstance. We are able to discern from the record the rationale for the district court's finding of a good-faith effort at rehabilitation. The record reflects Ann Schmitz obtained her certification as a teacher in home economics and that she also attempted, unsuccessfully, to find gainful employment. Consequently, it is not clearly erroneous to find

she has made a good-faith effort to rehabilitate herself under the original judgment and has not been able to attain maximum rehabilitation. This is a changed circumstance not contemplated by the district court in the original judgment because the district court originally presumed maximum rehabilitation could be reached in five years.

[¶ 16] Rehabilitative spousal support is awarded to provide a disadvantaged spouse the opportunity to seek education, training, or experience that will enable the spouse to be self-supporting. *Schaff,* 449 N.W.2d at 571–72. We have noted a preference for rehabilitative support in cases in which the disadvantaged spouse will be able to retrain to independent economic status. *van Oosting v. van Oosting,* 521 N.W.2d 93, 100 (N.D.1994).

[¶ 17] The district court found Ann Schmitz to be a disadvantaged spouse in the original proceeding and also at the hearing to modify spousal support. We hold the district court's decision to continue rehabilitative support for three additional years, allowing Ann Schmitz an opportunity to receive a degree in counseling and achieve her best chance to become self-supporting is not clearly erroneous.

[¶ 18] Orell Schmitz argues the award of spousal support is excessive. The district court found Orell Schmitz's net monthly income to be $8,125. An award of spousal support must be based, in part, on the ability of the supporting spouse to pay. *Young v. Young,* 1998 ND 83, ¶ 7, 578 N.W.2d 111. Based on the record, we are not left with a firm conviction a mistake has been made.

### III

[¶ 19] We affirm the amended judgment of the district court, holding the court's findings of a changed circumstance justifying a modification in spousal support were not clearly erroneous and its spousal support award was not excessive.

[¶ 20] VANDE WALLE, C.J., and MARING and SANDSTROM, JJ., concur.

[¶ 21] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.