2004 ND 89

**Timothy R. MEYER, Plaintiff and Appellee**

v.

**Diane L. MEYER, Defendant and Appellant.**

**No. 20030214.**

Supreme Court of North Dakota.

May 5, 2004.

Leslie Johnson Aldrich, Johnson Law Office, P.C., Fargo, ND, for plaintiff and appellee.

Charles A. Stock, Johannson, Rust, Fagerlund, Yon & Stock, PA, Crookston, MN, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Diane Meyer appealed from an amended judgment modifying Timothy

Meyer's spousal support obligation from $800 per month to $300 per month. We reverse and remand.

## I

[¶ 2] Timothy and Diane Meyer were divorced in February 1998. The original decree, based upon the parties' stipulation, provided Timothy Meyer would pay $800 per month in spousal support to Diane Meyer for ten years. At the time of the decree, Timothy Meyer was earning $72,000 per year, and Diane Meyer was earning $22,000 per year.

[¶ 3] On January 1, 2003, Timothy Meyer's employer, Krider Equipment, was sold to Titan Machinery, Inc. His income at the time of the sale was approximately $79,000. After the sale, Timothy Meyer's salary was reduced to $50,000 per year. As a result, he moved for termination of his spousal support obligation or, in the alternative, a reduction in the amount of support. A hearing was held before a judicial referee, who determined there was a material change in circumstances and recommended the spousal support obligation be reduced to $300 per month for the remainder of the ten-year support obligation. Diane Meyer requested a review of the referee's findings, and upon review, the district court affirmed the findings and recommendation of the referee and ordered entry of an amended judgment reducing Timothy Meyer's support obligation to $300 per month.

## II

[¶ 4] On appeal, Diane Meyer asserts the court's modification of spousal support is clearly erroneous because Timothy Meyer's reduction in income does not constitute a material change in circumstances; the district court did not adequately consider that the original decree was based upon a stipulation by the parties; and the

reduction in Timothy Meyer's income was contemplated by the parties in the original decree.

[¶ 5] When there has been an initial award of spousal support, the trial court retains jurisdiction and may modify the award at least as long as support continues. *Bellefeuille v. Bellefeuille*, 2001 ND 192, ¶ 19, 636 N.W.2d 195. The party seeking modification of spousal support bears the burden of showing a material change in circumstances warrants modification. *Quamme v. Bellino*, 2002 ND 159, ¶ 14, 652 N.W.2d 360. The trial court's determination regarding a material change in circumstances warranting a modification of spousal support is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Lohstreter v. Lohstreter*, 2001 ND 45, ¶ 10, 623 N.W.2d 350. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite and firm conviction a mistake has been made. *Id.* Not every financial change in circumstances justifies a modification, and if a change is self-induced no modification is warranted. *Schmitz v. Schmitz*, 2001 ND 19, ¶ 8, 622 N.W.2d 176. A material change in circumstances means something that substantially affects the parties' financial abilities or needs, and the reasons for changes in income must be examined as well as the extent to which the changes were contemplated by the parties at the time of the initial decree. *Schmalle v. Schmalle*, 1998 ND 201, ¶ 12, 586 N.W.2d 677. A contemplated change is one taken into consideration by the district court in fashioning its original decree. *Quamme*, at ¶ 14.

### A.

[¶ 6] The record supports the trial court's finding Timothy Meyer was earn-

ing $72,000 per year while Diane Meyer was earning $22,000 per year when the original decree was entered, resulting in an annual income differential of $50,000 between them. The record also supports the trial court's finding that Timothy Meyer's income had been reduced to $50,000 when he moved for modification as a result of the sale of his employer. Since the divorce, Diane Meyer has experienced an increase of income to $32,000 per year, resulting in an income differential between her and Timothy Meyer of $18,000 per year.

[¶ 7] Timothy Meyer's current salary is 30.6% less than his annual income when the original decree was entered. This constitutes a significant decrease. Diane Meyer asserts the parties originally contemplated that Timothy Meyer might voluntarily change jobs with a resulting reduction of income, and therefore, his reduced salary should not be considered in finding a material change in circumstances. But, while the parties may have contemplated a reduction in Timothy Meyer's income if he voluntarily changed jobs, they did not contemplate an involuntary reduction of his income resulting from the sale of his employer. Timothy Meyer had considered, but did not voluntarily make, a change of employment resulting in reduced income. More importantly, the parties did not contemplate the extent to which Timothy Meyer's income has ultimately been reduced by the sale of his employer. The change was not voluntarily incurred by Timothy Meyer, nor was it contemplated by the parties or considered by the district court in fashioning the original decree. We conclude the trial court did not err in factoring Timothy Meyer's reduction in income as relevant to its finding that a material change in circumstances existed.

## B.

[¶ 8] Diane Meyer also asserts the trial court did not adequately consider that the original spousal support obligation was based upon a stipulation of the parties and should not be changed. This Court encourages spousal support awards based upon agreements between the divorcing parties and has recognized changing a stipulated support amount should only be done "with great reluctance by the trial court." *Toni v. Toni*, 2001 ND 193, ¶ 11, 636 N.W.2d 396. However, we have also recognized that a spousal support award based upon a stipulation by the parties can be modified upon a showing of a material change in circumstances. *Id.; see also Wheeler v. Wheeler*, 419 N.W.2d 923, 925 (N.D.1988) ("*Wheeler I*"). We are not persuaded the trial court failed to adequately consider that the original decree was based upon the parties' stipulation. The court determined the change in the parties' incomes sufficiently affected Timothy Meyer's ability to pay and Diane Meyer's need for support to warrant modification of the stipulated amount. Under the circumstances, we conclude the trial court's finding is not clearly erroneous.

[¶ 9] We reverse, however, because we are concerned with the lack of any explanation regarding the amount of the reduction in support compared to the reduction in Timothy Meyer's income. *See Wheeler v. Wheeler*, 548 N.W.2d 27, 30 (N.D.1996) ("*Wheeler II*") ("Findings of fact should be sufficiently stated so we are able to understand the factual basis for the trial court's decision, particularly in view of our standards for modification" of spousal support). In addressing whether Timothy Meyer's change in circumstances warrants a modification, the trial court only stated:

In this case, [Timothy Meyer] has experienced a material and substantial re-

duction in income. [Diane Meyer] has increased her income and assets since the divorce, but opines she must continue to save for retirement and pay off the mortgage on her home in order to be rehabilitated by the end of the ten-year period of spousal support. The Referee's decision to lower the monthly spousal support from $800 per month to $300 per month is a balance between the greater burden of [Timothy Meyer] and the lesser need of [Diane Meyer], and is not clearly erroneous.

Although Diane Meyer asserts the trial court erred in finding that she abandoned her rehabilitative goal or that she was rehabilitated, the trial court, in essence, concluded her rehabilitation was not complete and she continues to have a disadvantage as a result of the divorce, entitling her to continue receiving some spousal support. However, the trial court did not provide sufficient analysis regarding Diane Meyer's current need for support or Timothy Meyer's current ability to pay spousal support. Instead, it only concluded Diane Meyer's needs had changed and so had Timothy Meyer's ability to pay. Therefore, while we understand the trial court's rationale for reducing the amount of spousal support, we cannot discern its rationale for reducing Timothy Meyer's spousal support obligation from $800 per month to $300 per month. *See Wheeler II* at 30 (the Court will not remand for clarification if, through inference or deduction, we can discern the rationale for the result reached by the trial court). In *Wheeler I,* this Court stated:

> If a supported spouse is not to be penalized "for her initiative and ... incentive for self betterment," *Lipp v. Lipp,* [355 N.W.2d 817, 819 (N.D.1984)], her agreed support should not be reduced simply because she has improved her financial ability. Her standard of living and needs, as well as those of the paying spouse, must be weighed along with their relative financial abilities.

419 N.W.2d at 927. On remand, the trial court must evaluate Timothy Meyer's current ability to pay along with Diane Meyer's current need for support, and must award support in an amount that is adequately proportional to the reduction in Timothy Meyer's income in light of Diane Meyer's need for support. In doing so, the trial court will continue to give sufficient credence to the fact the original decree was based upon a stipulated agreement by the parties while recognizing a material change in circumstances has occurred.

[¶ 10] We reverse and remand for reconsideration of the amount of support in accordance with this opinion.

[¶ 11] CAROL RONNING KAPSNER, and WILLIAM A. NEUMANN, JJ., concur.

MARING, Justice, dissenting in part and concurring in part.

[¶ 12] I respectfully dissent from Part IIA and paragraph 8 of Part IIB and concur in the remainder of the majority opinion. I would reverse the order and amended judgment modifying Timothy Meyer's spousal support obligation from $800 per month to $300 per month and remand for further proceedings. I believe the trial court clearly erred in its application of the law.

[¶ 13] Timothy Meyer and Diane Meyer were divorced in February 1998 pursuant to a stipulated settlement. The stipulated settlement provided that Timothy Meyer would pay Diane Meyer $800 per month in spousal support for ten years after the sale of the marital home. After incurring a reduction in income, Timothy Meyer moved to terminate or reduce his spousal support obligation. The trial court

granted his motion and reduced his spousal support obligation from $800 per month to $300 per month.

[¶ 14] A trial court's determination concerning spousal support is treated as a finding of fact which we will not reverse on appeal unless clearly erroneous. *Shields v. Shields*, 2003 ND 16, ¶ 6, 656 N.W.2d 712. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite and firm conviction a mistake has been made." *Id.* In *Toni v. Toni*, this Court emphasized that it encourages "spousal support awards based on agreements between the divorcing parties, and noted those agreements 'should be changed only with great reluctance by the trial court.' " 2001 ND 193, ¶ 11, 636 N.W.2d 396 (quoting *Huffman v. Huffman*, 477 N.W.2d 594, 597 (N.D.1991)).

I

[¶ 15] Timothy Meyer, the party who sought modification of his spousal support obligation, bore the burden of showing a material change of circumstances warranting or justifying a modification. *Schmalle v. Schmalle*, 1998 ND 201, ¶ 12, 586 N.W.2d 677. In *Wheeler v. Wheeler*, this Court explained the standard for a material change of circumstances:

> To modify spousal support, circumstances must have changed materially. Slight, or even moderate, changes in the parties' relative incomes are not necessarily material. "Material change" means something which substantially affects the financial abilities or needs of a party.

419 N.W.2d 923, 925 (N.D.1988) (internal citations omitted).

[¶ 16] We stated in *Schmalle*, "the reasons for changes in income must be examined as well as the extent the changes were contemplated by the parties at the time of the initial decree or a subsequent modification." 1998 ND 201, ¶ 12, 586 N.W.2d 677. The divorce decree in *Schmalle* was based on a stipulated agreement. *Id.* at ¶ 2. In *Schmalle*, our Court recognized that the alleged change of circumstances cannot constitute a material change of circumstances if they "were reasonably contemplated by the parties when the initial decree was entered." *Id.* at ¶ 14. In addition, this Court has repeatedly stated that "[a] trial court cannot 'consider issues of property division and spousal support separately in a vacuum, but must examine those issues together.' " *Sommer v. Sommer*, 2001 ND 191, ¶ 16, 636 N.W.2d 423 (quoting *Ketelsen v. Ketelsen*, 1999 ND 148, ¶ 6, 598 N.W.2d 185). Therefore, spousal support and property division are intertwined. The trial court must consider the obligor's assets as well as income in determining his financial ability to pay.

[¶ 17] The trial court erred in applying the law applicable to modifications of spousal support obligations. The record establishes that Timothy Meyer stipulated to paying $800 per month in spousal support even though he was considering a reduction of his income and that he agreed to the stipulated divorce settlement to avoid a trial highlighting his marital infidelity. The majority emphasizes the fact that, after the divorce, Timothy Meyer did not voluntarily reduce his income. Regardless of whether the reduction in income was voluntary or involuntary, Timothy Meyer and Diane Meyer contemplated a reduction in Timothy Meyer's income when agreeing to his spousal support obligation of $800 per month and to a division of their marital property.

[¶ 18] In *Schmitz v. Schmitz*, we said that a circumstance that was contemplated

and known at the time of the judgment cannot be a material change of circumstances. 1998 ND 203, ¶ 9, 586 N.W.2d 490 (stating "[c]hanges in the parties' financial conditions which were in fact considered by the court in the original divorce judgment do not constitute a material change of circumstances warranting a modification of spousal support"). In the present case, there is no dispute that the parties contemplated a reduction in Timothy Meyer's income when they entered into their stipulation for spousal support. To disregard this undisputed evidence will discourage, not encourage, settlements. Our Court's policy of encouraging parties to settle these matters must be promoted by requiring adherence to the judgment when the evidence is undisputed that the alleged material change of circumstances was contemplated by the parties at the time of entry of judgment.

[¶ 19] The trial court and the majority opinion do not acknowledge that Timothy Meyer has voluntarily taken the reduction in his income. He did testify he applied for a manager position with Titan, but it was given to one of the former owners of Krider. He has only applied for one $24,000 a year job and has not attempted to find another job at his previous income level. Our Court has said that "earned income is not the sole consideration ·in determining a party's ability to pay support. Rather, the court must consider a party's net worth, including the extent of his assets and his earning ability as demonstrated by past income." *Schmitz v. Schmitz*, 2001 ND 19, ¶ 10, 622 N.W.2d 176 (citations omitted); *see also McDowell v. McDowell*, 2001 ND 176, ¶ 13, 635 N.W.2d 139; *Walker v. Walker*, 2002 ND 187, ¶ 14, 653 N.W.2d 722.

[¶ 20] This Court has stated:

While it is true that the 'change of circumstances' necessary to warrant modification is one based primarily on a change in financial circumstances, ... it is also true that not every change in financial circumstances justifies a modification.... When the change is voluntary or self-induced, no modification is warranted because the obligor, by voluntarily placing herself or himself in a less financially secure position, is without clean hands and precluded from seeking equity. Even though the law never requires impossibilities, NDCC § 31–11–05(22), one who voluntarily dissipates or reduces income is not protected either from the consequences of such conduct or by equitable maxims.

*Wheeler v. Wheeler*, 548 N.W.2d 27, 31 (N.D.1996) (quoting *Koch v. Williams*, 456 N.W.2d 299, 301 (N.D.1990)). Because the alleged change of circumstances was contemplated by the parties when they entered into the agreement to settle their spousal support and property division issues and because there is no evidence Timothy Meyer's ability to earn is impaired, there is no material change of circumstances.

II

[¶ 21] Even if Timothy Meyer's reduction in income is a change of circumstances, the trial court failed to make any findings that it "substantially affects the financial abilities or needs of a party." *Wheeler*, 419 N.W.2d at 925. Timothy Meyer must establish more than just a change of circumstances. He must establish the change of circumstances was material. The financial ability of each party is a principal concern; however, the trier of fact must go beyond comparing the parties' incomes. *Penuel v. Penuel*, 415 N.W.2d 497, 500 (N.D.1987). A trial court must consider the disadvantaged spouse's needs and the supporting spouse's ability to pay. *Shields*, 2003 ND 16, ¶ 10, 656 N.W.2d 712. Timothy Meyer must estab-

lish that his ability to pay his spousal support obligation has been affected by his change of circumstances in order to be material. *See Id.*

[¶ 22] When addressing whether Timothy Meyer's change of circumstances warrants a modification, the trial court stated only that:

> [i]n this case, Plaintiff has experienced a material and substantial reduction in income. Defendant has increased her income and assets since the divorce, but opines she must continue to save for retirement and pay off the mortgage on her home in order to be rehabilitated by the end of the ten-year period of spousal support. The Referee's decision to lower the monthly spousal support from $800 per month to $300 per month is a balance between the greater burden of the Plaintiff and the lesser need of the Defendant, and is not clearly erroneous.

It is impossible to determine the basis for the trial court's reduction of Timothy Meyer's spousal support obligation because it did not provide any analysis of Diane Meyer's needs or Timothy Meyer's financial ability to continue paying $800 per month in spousal support.

[¶ 23] This Court has said, "[it] will not set aside the trial court's determinations on property division or spousal support for failure to explicitly state the basis for its findings if that basis is reasonably discernible by deduction or inference." *Routledge v. Routledge*, 377 N.W.2d 542, 545 n. 1 (N.D.1985) (citations omitted); *see also Heinz v. Heinz*, 2001 ND 147, ¶ 12, 632 N.W.2d 443. In this case, however, there is no analysis of Timothy Meyer's assets, earning ability or needs. The trial court provides no discernible basis for reducing Timothy Meyer's spousal support obligation, other than an income comparison

and a conclusory statement that Diane Meyer has a "lesser need."

### III

[¶ 24] Finally, even if there was a material change of Timothy Meyer's circumstances warranting a modification of his spousal support obligation, I would reverse and remand because the trial court provided no analysis explaining why $300 per month is an appropriate modification of Timothy Meyer's spousal support obligation. The trial court arbitrarily chose $300 per month as Timothy Meyer's monthly spousal support obligation.

[¶ 25] Timothy Meyer's income has decreased from $72,000 per year[1] to $50,000 per year or 30.6 percent. The trial court ordered his spousal support obligation reduced from $800 per month to $300 per month or 62.5 percent. The only alleged material change of circumstances is Timothy Meyer's 30.6 percent reduction in income. It is impossible to determine from the trial court's order its reasons for reducing his monthly spousal support obligation by double his actual percent decrease in his salary.

### IV

[¶ 26] For these reasons, I respectfully dissent and concur. I would reverse the order and amended judgment reducing Timothy Meyer's spousal support obligation from $800 per month to $300 per month and remand for further proceedings.

[¶ 27] MARY MUEHLEN MARING

SANDSTROM, Justice, dissenting.

[¶ 28] As the majority opinion recognizes, the trial court's "determination re-

---

**1.** There is dispute as to whether Timothy Meyer's income at the time of divorce was $69,000 or $72,000. However, the trial court found his income to be $72,000.

garding a material change in circumstances warranting a modification of spousal support is a finding of fact and will not be reversed on appeal unless it is clearly erroneous." *Lohstreter v. Lohstreter*, 2001 ND 45, ¶ 10, 623 N.W.2d 350. "While helpful, detailed findings of fact are not required for spousal support orders if we can satisfactorily determine the reasons for the court's decision." *Mahoney v. Mahoney*, 1997 ND 149, ¶ 24, 567 N.W.2d 206. We can do that on this record; therefore, I respectfully dissent.

[¶ 29] The majority concludes the trial court did not provide sufficient analysis regarding Diane Meyer's current need for support or Timothy Meyer's current ability to pay spousal support, and remands for the trial court to reconsider the amount of support awarded. By reviewing the record along with the trial court's explanation for its decision to reduce the support obligation, we can readily discern the rationale for the result reached by the trial court. Consequently, a remand is not necessary.

[¶ 30] As the majority opinion recognizes, Timothy Meyer was earning $72,000 per year when the divorce decree was entered, and Diane Meyer was earning $22,000 per year, for a difference in incomes of $50,000. Now, Timothy Meyer is earning only $50,000 per year, and Diane Meyer is earning $32,000 per year, for a difference of $18,000. Consequently, the difference in income between these parties has narrowed by 64 percent since entry of the original decree. The trial court, recognizing the narrowed income gap constitutes a substantial change of circumstances, reduced Timothy Meyer's support obligation by 62.5 percent. The math speaks for itself. The majority states that the trial court "must award support in an amount that is adequately proportional to the reduction in Timothy Meyer's income." That is precisely what the trial court has

done. The evidentiary figures provide the basis and justification for the court's reduction in support from $800 per month to $300 per month.

[¶ 31] The trial court has provided additional insight and explanation for its decision to reduce the support amount from $800 per month to $300 per month. The trial court reasoned that if the spousal support remained at the $800 per month level, Diane Meyer's gross income would exceed Timothy Meyer's gross income, and the court stated that the amended support obligation "is a balance between the greater burden of [Timothy Meyer] and the lesser need of [Diane Meyer]."

[¶ 32] Timothy Meyer's reduction in income of 30.6 percent was an involuntary reduction caused by the sale of his business. Meanwhile, Diane Meyer has continued to improve her financial situation and has realized a 45 percent increase in her annual income. These substantial changes in the incomes of both parties support the trial court's decision to reduce Timothy Meyer's support obligation from $800 to $300 per month. The trial court has the authority to equitably balance the burden of an obligor against the needs of the obligee. *Sommer v. Sommer*, 2001 ND 191, ¶ 10, 636 N.W.2d 423. That is precisely what the trial court has done in this case. In my view, the trial court's rebalancing of the parties' abilities and needs is readily discerned by the record evidence and does not need additional clarification.

[¶ 33] Here, the trial court's findings are supported by the record and are not clearly erroneous. The evidence contains specific numbers showing the changes in income of both parties between entry of the original decree and the present. The court, using these numbers, recognized that the support obligation must balance the needs and abilities of both parties.

The trial court offered a cogent and reasonable explanation for its decision. That explanation is, in my view, adequate for this Court to understand the purpose and reasoning for the support amount awarded by the trial court. The remand for additional findings and explanation is neither necessary nor warranted, and for that reason I would affirm the judgment.

[¶ 34] DALE V. SANDSTROM